# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

ROBERT SUTTON, individually and on behalf of others similarly situated,

    Plaintiff,

v.

CASE NO.

LOUIS BRUNO, LLC d/b/a BRUNO TOTAL HOME PERFORMANCE; LOUIS BRUNO, Individually, NICHOLAS CORACI; and MARSHALL SIKES,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, ROBERT SUTTON, on behalf of himself and those similarly situated, by and through undersigned counsel, and hereby sues the Defendants, Louis Bruno, LLC, d/b/a Bruno Total Home Performance ("BRUNO LLC"), Louis Bruno, individually ("L. BRUNO"), Nicholas Coraci (CORACI), and Marshall Sikes ("SIKES"), by bringing an action for unpaid compensation, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). Plaintiff, on behalf of himself and others similarly situated also brings claims under Section 24, Article X of the Florida Constitution, F.S.§444.08 and breach of an oral contract, and alleges as follows:

## PARTIES, VENUE, JURISDICTION

1. Defendant, BRUNO LLC, is a Florida Limited Liability Company that operates and conducts business in Lee County, Florida and is therefore within the jurisdiction of this Court.

2. At all times relevant to this action, Defendant, L. BRUNO was an individual

resident of the State of Florida, who owned and operated BRUNO LLC, and who regularly exercised the authority to: (a) hire and fire employees of BRUNO LLC; (b) determine the work schedules for the employees of BRUNO LLC; and (c) control the finances and operations of BRUNO LLC. By virtue of having regularly exercised that authority on behalf of BRUNO LLC, L. BRUNO is an employer as defined by 29 U.S.C. 201 *et seq*.

3. At all times relevant to this action, CORACI was an individual resident of the State of Florida, who managed and directed employees of BRUNO LLC and who regularly exercised the authority to: (a) hire and fire employees of BRUNO LLC; (b) determine the work schedules for the employees of BRUNO LLC; and (c) establish and determine compensation of the employees of BRUNO LLC. By virtue of having regularly exercised that authority on behalf of BRUNO LLC, L. BRUNO is an employer as defined by 29 U.S.C. 201 *et seq*.

4. At all times relevant to this action, SIKES was an individual resident of the State of Florida, who managed and directed employees of BRUNO LLC, and who regularly exercised the authority to: (a) hire and fire employees of BRUNO LLC; (b) determine the work schedules for the employees of BRUNO LLC; and (c) establish and determine compensation of the employees of BRUNO LLC. By virtue of having regularly exercised that authority on behalf of BRUNO LLC, L. BRUNO is an employer as defined by 29 U.S.C. 201 *et seq*.

5. This action is brought under the FLSA to recover from Defendants unpaid compensation, liquidated damages, and reasonable attorneys' fees and costs and other fees arising from Defendants' violation of the FLSA, 29 U.S.C. §§201 *et seq*.; Section 24, Article X of the Florida Constitution, and F.S. §448.08. This action is intended to include each and every employee who worked for the Defendant at any time within the past two

years

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337.

7. At all times relevant to this action, Defendant, BRUNO LLC, was an enterprise covered by FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

8. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§201-209, because Plaintiff, and those similarly situated, performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff, and those similarly situated.

9. During his employment with Defendants, Plaintiff, and those similarly situated, were not paid their regular rate of pay for all hours worked.

10. During his employment with Defendants, Plaintiff, and those similarly situated, were not paid for hours worked, including, but not limited to, hours Plaintiff, and those similarly situated, participated in mandatory sales meetings and training sessions.

11. During his employment with Defendants, Plaintiff, and those similarly situated, worked more than forty (40) hours per week and were not paid one and one-half their regular rate of pay for all hours worked in excess of forty (40) hours per week.

## COUNT I
## FLSA

12. Plaintiff, and those similarly situated, incorporate and readopt the allegations contained in paragraphs 1 through 11 as if they were fully set forth herein.

13. Defendants employed Plaintiff from February 2018 through approximately December 21, 2018.

14. Plaintiff's compensation rate was approximately $75.00 per hour. Plaintiff

often worked seven (7) days per week, worked approximately seventy (70) hours per week, including attending mandatory sales meetings, training sessions and drive time between assignments, but was compensated only for only thirty-five (35) hours per week.

15. In addition, Defendants deducted at least a half hour each day for lunch, despite the fact that Plaintiff, and those similarly situated worked through lunch.

16. Plaintiff, and those similarly situated, were entitled to be paid their regular rate of pay for each hour worked. During their employment with Defendants, Plaintiff, and those similarly situated, regularly worked hours that they were not paid for.

17. Plaintiff, and those similarly situated, during their employment with Defendants, worked more than forty (40) hours per week but were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week.

18. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff, and those similarly situated, their regular rate of pay for each our worked and overtime wages, Plaintiff, and those similarly situated have suffered damages which they are entitled to recover, including reasonable attorneys' fees and costs.

19. As a result of Defendants' willful violation of the FLSA, Plaintiff and those similarly situated are entitled to liquidated damages.

**WHEREFORE**, Plaintiff, and those similarly situated, demand judgment against Defendants, BRUNO, LLC, L. BRUNO, CORACI and SIKES, jointly and severally, for the payment of all unpaid wages at the regular rate of pay for the hours worked by them and overtime wages at one and one-half times their regular rate of pay for which defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and

appropriate.

## COUNT II
## VIOLATION OF SECTION 24, ARTICLE X
## OF THE FLORIDA CONSTITUTION

20. Plaintiff, and those similarly situated, incorporate and readopt the allegations contained in paragraphs 1 through 11 as if they were fully set forth herein.

21. Effective January 1, 2019 until January 1, 2109, the Florida Constitution required all employers in the State of Florida subject the FLSA to pay their employees at a minimum of $8.25 per hour.

22. Defendants employed Plaintiff from February 2018 through approximately December 21, 2018.

23. Plaintiff often worked seven (7) days per week, worked approximately seventy hours (70) per week, including attending mandatory sales meeting and training sessions and drive time between assignments, but was compensated only for only thirty-five (35) hours per week.

24. In addition, Defendants deducted at least a half hour each day for lunch from Plaintiff and those similarly situated, despite the fact that Plaintiff, and those similarly situated worked through lunch.

25. Defendants failed to pay Plaintiff, and those similarly situated, the minimum wage for all hours worked require by Section 24, Article X of the Florida Constitution during the time of their employment.

**WHEREFORE**, Plaintiff, and those similarly situated, demand judgment against Defendants, BRUNO, LLC, L. BRUNO, CORACI and SIKES, jointly and severally, for unpaid compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## FAILURE OF DEFENDANTS TO PAY WAGES DUE
## AND OWING PLAINTIFF – F.S. 448

26. Plaintiff, and those similarly situated, incorporate and readopt the allegations contained in paragraphs 1 through 11 as if they were fully set forth herein.

27. Defendants employed Plaintiff from February 2018 through approximately December 21, 2018.

28. Plaintiff, and those similarly situated, worked during the relevant time in the reasonable expectation of receiving wages.

29. Defendants failed to pay those wages to Plaintiff, and those similarly situated.

30. Plaintiff's attorney sent a letter demanding payment of unpaid wages to Defendants on August 26, 2009, pursuing to F.S. § 448.110. See **Exhibit "A."**

31. Defendants are therefore indebted to Plaintiff, and those similarly situated, for unpaid wages, and upon prevailing in this matter, will be indebted to the Plaintiff in the amount of attorneys' fees and costs the Plaintiff incurs in bringing this action as defined in F. S. § 448.08.

**WHEREFORE**, Plaintiff, and those similarly situated, demand judgment against Defendants, BRUNO, LLC, L. BRUNO, CORACI and SIKES, jointly and severally, for unpaid compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT IV
## BREACH OF CONTRACT

32. Plaintiff, and those similarly situated, incorporate and readopt the allegations contained in paragraphs 1 through 11 as if they were fully set forth herein.

33. Plaintiff, and those similarly situated, performed all of his/their obligations

pursuant to an oral contract.

34. Defendants breached the contract by not compensating Plaintiff, and those similarly situated minimum wages for all hours worked.

35. Defendants breached the contract by not compensating Plaintiff, and those similarly situated, by not compensating Plaintiff, and those similarly situated, overtime wages for all hours worked in excess of forty (40) hours per week.

36. Defendants breached the contract by not compensating Plaintiff, and those similarly situated, at the regular rate of pay for all hours worked.

37. As a result of Defendants' breach of contract, Plaintiff, and those similarly situated, has suffered damages

38. Plaintiff, and those similarly situated, have incurred and will continue to incur attorneys' fees and other costs and are entitled to receive same from Defendants.

**WHEREFORE**, Plaintiff, and those similarly situated, demand judgment against Defendants, BRUNO, LLC, L. BRUNO, CORACI and SIKES, for unpaid compensation, overtime compensation, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## JURY DEMAND

Plaintiff, and those similarly situated, demand a trial by jury on all issues so triable.

Respectfully Submitted,
**PARRISH & GOODMAN, PLLC**
*/s/ Robert H. Goodman* _____
ROBERT H. GOODMAN
Florida Bar No.: 1008059
15961 McGregor Blvd., Suite 2
Fort Myers, Florida 33908
Phone: (813) 643-4529
Facsimile: (813) 315-6535
Primary: rgoodman@parrishgoodman.com
Secondary: admin@parrishgoodman.com

AND

JOSEPH E. PARRISH
Florida Bar. No: 690058
915 N. Franklin Street, Suite 2302
Tampa, Florida 33602
Phone: (813) 643-4529
Facsimile: (813) 315-6535
Primary: jparrish@parrishgoodman.com
Secondary: admin@parrishgoodman.com
*Counsel for Plaintiffs*

**PARRISH & GOODMAN**
ATTORNEYS AT LAW

915 N. Franklin St, Suite 2302
Tampa, Florida 33602

15961 McGregor Blvd, Suite 2
Fort Myers, Florida 33908

March 11, 2019

**VIA CERTIFIED MAIL AND**
**U.S. REGULAR MAIL**
Mr. Louis J. Bruno, IV
Louis Bruno, LLC d/b/a Bruno Total Home Performance
28731 S. Cargo Street
Bonita Springs, FL 34145

    RE:    **Sutton v. Louis Bruno, LLC d/b/a Bruno Total Home Performance**

Dear Mr. Bruno:

    My firm represents Mr. Robert Sutton, a former employee of your company, with regard to his claim for unpaid hours and overtime.

    As you are aware, Mr. Sutton was employed from March of 2018 through the end of December 2018.  Mr. Sutton has not been paid for all hours worked, including travel time between customers' homes/businesses.  Further Mr. Sutton was not paid for approximately 525.5 hours, including but not limited to, time spent in training meetings from March 2018 through the end of his employment and improper deductions for "lunch" each day.  Additionally, Mr. Sutton was not compensated for overtime, pursuant to the Fair Labor Standards Act ("FLSA").

    We are prepared to file suit against you, the members/owners and the company to recover what Mr. Sutton is owed as outlined above, plus liquidated damages and attorney's fees as the result of the knowing and intentional failure by you, the members/owners and the company to pay Mr. Sutton what he is owed, in violation of FLSA.  It is clear, as it will be to a jury, that you, the members/owners and the company owe Mr. Sutton for the unpaid hours and overtime.  However, prior to doing so, we are proposing that the parties engage in pre-suit settlement negotiations between our client and you, the members/owners and the company to see if this matter can be resolved without litigation.

    Please contact me by close of business **March 28, 2019**.  If I do not her from you or your counsel by that date, we will proceed with the filing of the complaint.

    Sincerely,
    **PARRISH & GOODMAN, PLLC**

    */s/ Robert H. Goodman*
    Robert H. Goodman

RHG/sae

Phone: **(813) 643-4LAW** (4529)    Facsimile: **(813) 315-6535**

Web: **ParrishGoodman.com**